IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF A CRIMINAL COMPLAINT | Case No. 1:25-mj-1284-CDA |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Anthony Petrella of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

### INTRODUCTION

1. This Affidavit is submitted in support of a Criminal Complaint charging Esean James DAVIS ("DAVIS") with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g) (the "**SUBJECT OFFENSE**").

2. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I have been a Special Agent ("SA") with the with ATF since September 2020, and am currently assigned to the ATF Baltimore Field Division, Group III. I attended the Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training at the Federal Law Enforcement Training Center. Prior to joining ATF, I served as a police officer with the Supreme Court of the United States Police Department in Washington, D.C. for approximately six years.

3. I have conducted and participated in numerous investigations concerning the illegal possession, trafficking, and use of firearms, federal controlled substance laws, and the commission of violent crimes by organized gangs. I have received specialized training and personally

participated in various types of investigative activities, including, but not limited to: (a) physical surveillance; (b) the debriefing and interviewing of defendants, witnesses, informants, and other individuals who had knowledge of firearms, violent crimes and controlled substance laws; (c) code words and phrases used by criminals when referencing firearms and narcotics; (d) undercover operations; (e) the execution of search warrants; (f) the consensual monitoring and recording of conversations; (g) electronic surveillance through the use of pen registers and trap and trace devices; and (h) the handling and maintenance of evidence; and (i) Title III investigations.

4. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers and (c) the training and experience of myself and other law enforcement agents and officers.

5. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint and contains only a summary of relevant facts. I have not included every fact known to me concerning the entities, individuals, and the events described in this Affidavit, but I do not believe I have omitted any information that would have a tendency to defeat a showing of probable cause.

## PROBABLE CAUSE

6. On March 8, 2025, at approximately 6:00p.m., Baltimore Police Department ("BPD") officers began conducting surveillance in the 1900 block of Beechwood Avenue in Baltimore, Maryland. Officers were attempting to locate and arrest DAVIS due to an outstanding arrest warrant issued by the District Court of Maryland for Baltimore City[1].

---

[1] District Court Case No. D-01-CR-25-000632. This case was subsequently dropped by state prosecutors.

7. While conducting surveillance, officers observed an individual matching DAVIS's physical description enter the passenger seat of a black 2012 Acura TL. Officers also observed an unknown male enter the driver's seat of the vehicle. As the vehicle began to leave its parking spot, the officers observed that it was missing a front license plate. The officers knew, based on their training, that Maryland State Law require vehicles to be equipped with both a front and rear license plate.

8. Prior to conducting a traffic stop on the vehicle, officers requested the assistance of BPD's Helicopter Aviation Unit, ("Foxtrot") to assist with surveilling the vehicle. Officers continued to follow the vehicle as it traveled onto N. Forest Park Avenue and then westbound onto Route 70. At approximately 7:35p.m., Foxtrot located the vehicle and began assisting the officers following the vehicle.

9. The BPD officers, with the assistance of officers from Baltimore County Police Department ("BCPD"), attempted a traffic stop on the vehicle while it was traveling through the 8700 block of Liberty Road. The vehicle came to a brief stop but drove around a BCPD vehicle that blocked its path. The vehicle began driving at a high rate of speed. Foxtrot was able to maintain a constant visual on the vehicle as it fled from officers and eventually observed the vehicle turn onto the 9800 block of Kerrigan Court in Randallstown, Maryland. As the vehicle was traveling through the block, Foxtrot, using an infrared camera, observed the front passenger door open as the vehicle was still in motion and observed an individual, later identified as Esean DAVIS, fall out of the vehicle. As DAVIS fell out of the vehicle, he appeared to be holding an L shaped object in his hand.

10. Foxtrot continued to follow DAVIS as he fled from the area on foot and observed him throw an object into the backyard of a home in the 3500 block of Kings Point Road in

Randallstown, Maryland. After throwing the object, DAVIS continued to flee but eventually slowed to a walk. Foxtrot was able to lead officers directly to DAVIS's location and officers successfully apprehended DAVIS in the 9800 block of Plowline Road in Randallstown, Maryland.

11. Officers then returned to the rear yard of the home on Kings Point Road, where Foxtrot observed DAVIS throw an object, and recovered a Glock, model 20, 10mm pistol loaded with twenty-five (25) rounds of 10mm ammunition with an obliterated serial number (the "Glock 20")". When the Glock 20 was recovered the magazine had broken open and some of the ammunition that had been loaded into the Glock 20 had spilled out of it. Officers also discovered that the firearm was equipped with a machinegun conversion device (MCD). Based on my training and experience, I know that an MCD is a device that can convert a semi-automatic firearm into a automatic firearm (i.e. a weapon that shoots more than one shot, without manual reloading, by a single function of the trigger).

12. The BPD Firearms Lab test fired the Glock 20 and determined that it could expel a projectile by the action of an explosive and therefore qualifies as a "firearm" as that term is defined at 18 U.S.C. § 921(a)(3). During testing, the firearms examiner also discovered that because the Glock 20 was outfitted with the MCD, the Glock 20 was capable of firing fully automatic, meaning that it was capable of discharging more than one shot with the single function of the trigger. Therefore, both the MCD and the Glock 20 equipped with the MCD are "machine guns" as that term is defined at 18 U.S.C. § 921(a)(24).

13. Neither the Glock firearm nor the ammunition, which had been loaded into the Glock 20, were manufactured in Maryland and, therefore, affected interstate commerce prior to their recovery in Maryland on March 8, 2025.

14. I reviewed DAVIS's criminal record. On December 1, 2022, DAVIS was convicted of one count of attempting to distribute controlled dangerous substances (Charge No. 7) and one count of possession of a firearm by a minor (Charge No. 9) in the Circuit Court for Baltimore County, Case No. C-03-CR-21-004810. DAVIS was sentenced to two years of incarceration for Charge No. 7 and five years of incarceration suspend all but two years for Charge No. 9. Therefore, I believe that on March 8, 2025, DAVIS knew that he had been convicted of a crime punishable by a term exceeding one year.

## CONCLUSION

15. Based on the foregoing, I submit that there is probable cause to believe that on March 8, 2025, Esean James DAVIS possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g).

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue an arrest warrant for Esean DAVIS.

ANTHONY PETRELLA
Digitally signed by ANTHONY PETRELLA
Date: 2025.05.12 14:39:37 -04'00'

Anthony Petrella
Special Agent, ATF

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 this 12th day of May 2025.

Honorable Charles D. Austin
United States Magistrate Judge